COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT
WORTH

 

 

                                                 NO.
2-09-381-CR

 

 

LE JERAL GUINN                                                                              APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                     MEMORANDUM OPINION[1]

 

                                                       ------------

I. Introduction

 

Appellant
Le Jeral Guinn appeals his conviction for indecency with a child.  The female complainant was thirteen years
old.  The jury found Appellant not guilty
of sexual assault of a child.  In two
issues, Appellant contends that the trial court erred in excluding certain
evidence and in sustaining the State’s objection to Appellant’s final
argument.  We overrule each issue and
affirm the trial court’s judgment. 

II.  Exclusion
of Evidence

At
trial, the complainant testified that Appellant, a friend of her step-father
and mother, came into her room at night and touched her thigh.  When she told him not to, he replied that she
needed not to scream and threatened to hit her “dead in the jaw” if she
did.  He pulled up her blouse and bra,
fondled her breasts, and kissed her neck and ear while telling her he loved
her.  She testified that he then sexually
assaulted her, although, the jury found him not guilty of this charge.  On cross examination she was asked, “when his
penis went inside your vagina, was it able to go in pretty easy?” and “[i]t was
able to go in?”  The victim responded
“yes” to both questions.  

Appellant
called his girlfriend, Yolanda Watkins, to testify about her sexual relations
with him.  After the jury was removed,
Appellant’s attorney indicated he wanted to establish the large size of
Appellant’s penis.  The trial court
sustained the State’s objection that the evidence was not relevant, stating “So
it’s not relevant.  It’s not
helpful.  It’s misleading.”  

Under
Texas Rules of Evidence 401, 402 and 403, evidence is “relevant” if 








it
tends to make the existence of any fact of consequence to the determination of
the action more probable or less probable. 
Texas Rules of Evidence 401, 402, 403 in essence, provides that relevant
evidence is admissible.  Evidence is not
admissible if it is not relevant.  Here,
Appellant argues the excluded evidence is relevant to cast doubt on the
victim’s testimony and her veracity.

The
trial court clearly relied on rule 403, entitled, “Exclusion of Relevant
Evidence on Special Grounds,” which provides,

Although relevant,
evidence may be excluded if its probative value is substantially outweighed by
the danger of unfair prejudice, confusion of the issues, or misleading the
jury, or by considerations of undue delay, or needless presentation of
cumulative evidence.

 

Tex.
R. Evid. 403.  The court apparently
concluded that the evidence was not relevant, not helpful, and was misleading
(or confusing).

A
trial court is given wide latitude to exclude, or not to exclude,
evidence.  Montgomery v. State,
810 S.W.2d 372, 390 (Tex. Crim. App. 1990) (op. on reh’g).  As long as the court operates within the
bounds of discretion, an appellate court should not disturb its decision.  A trial court abuses its discretion in an
evidentiary ruling only when it is so clearly wrong that it is outside the
“zone of reasonable disagreement.”  Id. at 390–91.

In
this case, the trial court considered the evidence Appellant sought to admit
and found that it was simply not relevant. 
Other courts have likewise found that similar evidence was not relevant
and thus not admissible.  See Bellaire
v. State, 110 S.W.3d 664, 671 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref’d) (by itself, evidence of genital size irrelevant and inadmissible); see
also Thomas v. State, No. 05-98-01820-CR, 2001 WL 43075, at *2 (Tex. App.—Dallas
Jan. 17, 2001, pet. ref’d) (not designated for publication) (same).  Accordingly, we hold that the trial court did
not err in excluding this evidence. Appellant’s issue one is overruled.

III.  Closing
Argument

In
his closing argument, Appellant’s counsel argued that one of Appellant’s felony
convictions—burglary of a vehicle—was, “at this day and age,” a misdemeanor.  The trial court sustained the State’s objection
to Appellant’s argument as a “misstatement of the law.”  We conclude that Appellant’s argument was at
least a partial misstatement of the law, or an incomplete one.  Under section 30.04 of the Texas Penal Code,
burglary of a vehicle is either a class A misdemeanor or a state jail felony if
the defendant has been previously convicted two or more times under that provision.  Tex. Pen. Code Ann. § 30.04(d)(2)(A) (Vernon Supp.
2009).  Thus, we hold that the trial
court did not abuse its discretion in sustaining the State’s objection to
Appellant’s closing argument.  We
overrule Appellant’s issue two. 

VI.  Conclusion

We
hold that the trial court did not err. 
However, had we found error, related to the issues raised in this
appeal, it would not require reversal. 
After carefully reviewing the record and performing the required harm
analysis under rule 44.2(b), we would hold beyond a reasonable doubt that
neither error alleged would have contributed to Appellant’s conviction or
punishment.  See Tex. R. App. P. 44.2(a).

          We affirm the judgment of the trial
court.

                                                          

 

                                                                   CHARLES
BLEIL

                                                                   JUSTICE

 

PANEL: DAUPHINOT and
MCCOY, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

 

DO NOT PUBLISH

Tex. R. App. P.
47.2(b)

 

DELIVERED:  August 19, 2010











[1]See Tex. R. App. P. 47.4.